Douglas H. Carsten (SBN: 198467)
(dcarsten@wsgr.com)
Joshua Mack (SBN: 253523)
(jmack@wsgr.com)
Arthur P. Dykhuis (SBN: 302345)
(adykhuis@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI P.C.
12235 El Camino Real
San Diego, California 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Attorneys for Plaintiff

Andrew Tyler Ohlert (SBN 306443)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
United States
Telephone: +1 415 439 1504
Facsimile: +1 415 439 1500
andrew.ohlert@kirkland.com

Marcus E. Sernel (admitted *pro hac vice*)
Caroline Lourgos (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
United States
Telephone: +1 312 862 2000
msernel@kirkland.com
caroline.lourgos@kirkland.com
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIOMERIEUX, S.A., a French corporation,<br><br>　　　　　Defendant.<br>. | CASE NO.: 5:19-cv-02716 (LHK) (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　November 6, 2019<br>Time:　　2:00 p.m.<br>Crtrm.:　　8, 4th Fl.<br><br>Assigned to Hon. Lucy H. Koh<br>Magistrate Judge: Virginia K. DeMarchi<br><br>*Complaint Filed: May 17, 2019*<br><br>DEMAND FOR JURY TRIAL |

Pursuant to Fed. R. Civ. P. 26(f), Civil L. R. 16-9, Patent L. R. 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of a Joint Case Management Statement, the United States District Court Northern District of California San Jose Division – Standing Order Regarding Case Management in Civil Cases, and the August 29, 2019 Order Granting Request for Modification of Briefing Schedule (Dkt. No. 23), the parties to the above-titled action, Plaintiff Fluidigm Corporation ("Fluidigm" or "Plaintiff") and Defendant bioMérieux S.A. ("bioMérieux SA" or "Defendant"), jointly submit this Case Management Statement and proposed order.  bioMérieux SA believes it was wrongly named as a party and that these disclosures are premature pending a ruling on its Motion.  As discussed in its Motion to Dismiss, bioMérieux SA requests that the case be dismissed due to lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.  Fluidigm believes that Defendant was properly named as a party and these disclosures are not premature.  As discussed in its opposition to Defendant's Motion to Dismiss, Fluidigm believes that this Court has personal jurisdiction over Defendant, venue is proper, and that Fluidigm has adequately stated a claim upon which relief may be granted.

## 1. Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 100 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) (patent infringement).

The parties dispute whether personal jurisdiction and venue are proper, which is the subject of the Defendant's currently-pending Motion to Dismiss, scheduled for hearing on December 5, 2019.  All parties have been served.

## 2. Facts

On May 17, 2019, Fluidigm filed its Complaint in this action against bioMérieux SA, alleging that bioMérieux SA has infringed Fluidigm's Patent No. 10,131,934 ("the '934 Patent") under 35 U.S.C. § 271(a)-(c), and seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and other applicable laws for bioMérieux SA's alleged

infringement. Fluidigm alleges that bioMérieux SA has infringed the '934 Patent by importing, making, using, selling, and inducing and contributing to the use of products that practice the method covered by the claims of the '934 Patent, including the BioFire FilmArray Pouch, BioFire FilmArray System, BioFire FilmArray EZ Configuration, BioFire FilmArray 2.0, BioFire FilmArray Torch, and BioFire FilmArray software (the "Accused Products"). Fluidigm alleges that bioMérieux SA continues to infringe the '934 Patent by importing, making, using, selling, and inducing and contributing to the use of the Accused Products, including by instructing, directing, and/or requiring others to perform all or some of the steps of method claims of the '934 Patent.

Fluidigm further alleges that bioMérieux SA's infringement was willful. Fluidigm is the sole owner by assignment of the '934 Patent. Fluidigm seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Pursuant to the parties' stipulation submitted to the Court on August 7, 2019, on August 8, 2019 the Court rescheduled the Case Management Conference from August 28, 2019 to November 6, 2019 (Dkt. No. 23).

On August 15, 2019, bioMérieux SA filed a Motion to dismiss Fluidigm's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). The Motion, *inter alia*, explains that the Complaint does not plausibly connect the named defendant to any of the alleged acts of infringement, and thus does not plausibly state a claim or establish personal jurisdiction. On September 20, 2019, Fluidigm filed an Opposition to bioMérieux SA's Motion to Dismiss, seeking denial of bioMérieux SA's Motion to Dismiss or, in the alternative, leave to amend its Complaint. On October 7, 2019, Defendant filed a Reply to Fluidigm's Opposition to the Motion. A hearing is scheduled for December 5 to address bioMérieux SA's Motion to Dismiss.

### 3. Legal Issues

The principal disputed legal issues are:
- Whether Fluidigm's claims are barred because Plaintiff's complaint fails to state any claim upon which relief may be granted;

- Whether Fluidigm has established personal jurisdiction over the named defendant;
- Whether bioMérieux SA infringes the '934 Patent, either directly (35 U.S.C. § 271(a)), indirectly (35 U.S.C. § 271(b)), or by way of contributory infringement;
- Whether Fluidigm is entitled to damages as a result of the alleged infringement of the '934 Patent, and if so, the amount (35 U.S.C. § 284);
- Whether Fluidigm is entitled to injunctive relief to prevent alleged irreparable harm as a result of further alleged infringement of the '934 Patent (35 U.S.C. § 283);
- Whether bioMérieux SA's infringement was willful;
- Whether this case is exceptional (35 U.S.C. § 285).
- Whether the '934 Patent is invalid, including as directed to nonstatutory subject matter (35 U.S.C. § 101), as anticipated (35 U.S.C. § 102), as obvious (35 U.S.C. § 103), as lacking sufficient disclosure (35 U.S.C. § 112 ¶ 1), or as indefinite (35 U.S.C. § 112 ¶ 2), or are unenforceable for inequitable conduct or unclean hands;
- Whether Fluidigm is barred from injunctive relief because any alleged injury to Fluidigm would neither be immediate or irreparable or Fluidigm has an adequate remedy at law; and
- Whether Fluidigm's claims for damages are limited by 35 U.S.C. §§ 286, 287.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4. Motions

(a) <u>Pending Motions</u>

On August 15, 2019, BioMérieux SA filed a Motion to dismiss Fluidigm's Complaint, alleging a lack of personal jurisdiction over the named defendant, improper venue, and failure to state a claim upon which relief can be granted (FRCP 12(b)(2), 12(b)(3), and 12(b)(6), respectively). Fluidigm filed an opposition on September 20, 2019, seeking denial of bioMérieux SA's motion to dismiss, or in the alternative seeking leave to amend the Complaint. bioMérieux

JOINT CASE MANAGEMENT STATEMENT                 3                 5:19-cv-02716 LHK)(VKD)

SA filed a reply on October 7, 2019.  A hearing is scheduled for December 5, 2019 to address the motion to dismiss.

        (b)      <u>Anticipated Motions</u>

Fluidigm and bioMérieux SA anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate, as the case progresses.

### 5. Amendment of Pleadings

Pending the Court's decision on bioMérieux SA's motion to dismiss, Fluidigm does not expect to add or dismiss parties, claims, or defenses.  bioMérieux SA will address its claims and defenses in its Answer, if needed, pending the Court's decision on the Motion to Dismiss.  The parties agree that the deadline for joining parties and amending pleadings is 30 days after the Claim Construction Order issues, and that otherwise the parties may only amend the pleadings upon a showing of good cause, or upon being granted leave to amend by the Court.

### 6. Evidence Preservation

Both parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and Checklist for ESI Meet and Confer.  The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties will submit a Proposed Order Regarding Discovery of Electronically Stored Information or further update the Court as to the parties' discussions by December 5, 2019.

### 7. Disclosures

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C) on October 30, 2019.

### 8. Discovery

There has been no discovery taken to date.  Pursuant to Rule 26(f) and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

      **(a)**      **What changes should be made in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a), including a statement of when initial disclosures were or will be made (FRCP 26(f)(3)(A))**

The parties do not propose changing the timing for initial disclosures pursuant to Fed. R. Civ. P. 26(a). The parties exchanged initial disclosures on October 30, 2019.

      **(b)**      **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues (FRCP 26(f)(3)(B))**

The parties anticipate that the scope of discovery will encompass the factual and legal issues set forth in Sections 2 and 3 above, as well as the requested relief outlined in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters. In this course, the parties do anticipate taking depositions pursuant to Fed. R. Civ. P. 30(b)(6). The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Appendix A below.

      **(c)**      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced (FRCP 26(f)(3)(C))**

The parties anticipate the need to conduct discovery of Electronically Stored Information ("ESI"). The parties intend to submit a Proposed Order Regarding Discovery of Electronically Stored Information or to further update the Court as to the parties' discussions, by December 5, 2019.

      **(d)**      **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order (FRCP 26(f)(3)(D)**

The parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure and Federal Rule of Evidence 502.

**(e)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and other limitations (FRCP 26(f)(3)(E)**

The parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, the Patent Local Rules, and the Civil Local Rules.  If a party requests discovery that exceeds any of these limitations, the parties agree to meet and confer in good faith to resolve the issue without intervention of the court.  If the parties are unable to reach an agreement, a party may seek leave from the Court for the additional discovery.

**(f)    Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c) (FRCP 26(f)(3)(F)**

At this time, the parties do not believe that there should be any further limitations to discovery.

**9.    Class Actions**

Not applicable.

**10.    Related Pending Cases**

There are no related pending litigations involving the '934 patent.

**11.    Relief**

Fluidigm seeks entry of judgment finding that bioMérieux SA has infringed one or more claims of the '934 Patent, and that the '934 Patent is valid and enforceable.  Fluidigm also seeks injunctive relief prohibiting bioMérieux SA and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with bioMérieux SA from further infringement of the '934 Patent.  Fluidigm also seeks monetary damages, including damages adequate to compensate Fluidigm for bioMérieux SA's infringement based on a calculation of lost profits, or an amount no less than a reasonable royalty.  Fluidigm further seeks a finding that bioMérieux SA has willfully infringed the '934 Patent, and treble and/or exemplary damages for bioMérieux SA's willful infringement.  Fluidigm further seeks a judgment that this

1  case is exceptional and an award of Fluidigm's costs and reasonable attorneys' fees.  Fluidigm
2  seeks any other further relief as this Court may deem just and appropriate.
3      bioMérieux SA has not yet responded to Fluidigm's Complaint and has not sought any
4  relief to date.  bioMérieux SA reserves the right to seek all relief available under applicable law,
5  including all applicable counterclaims.

6   **12.   Settlement and ADR**
7      Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's "Alternative Dispute
8  Resolution Procedures Handbook," discussed with each other the available dispute resolution
9  options, and considered whether this case would benefit from ADR.  The parties prefer to discuss
10 ADR selection with the Assigned Judge at the case management conference.

11  **13.   Consent to Magistrate Judge for All Purposes**
12     The parties do not consent to have a magistrate judge conduct all further proceedings
13 including trial and entry of judgment.

14  **14.   Other References**
15     The parties do not believe this case is suitable for reference to binding arbitration, a special
16 master, or the Judicial Panel on Multidistrict Litigation.

17  **15.   Narrowing of Issues**
18     The parties agree to work in good faith to narrow the issues and expedite presentation of
19 evidence at trial as this case proceeds.

20  **16.   Expedited Trial Procedure**
21     The parties do not propose that this case proceed under the Expedited Trial Procedure of
22 General Order 65 Attachment A.

23  **17.   Scheduling**
24     The parties' scheduling proposals are set forth in the chart attached hereto as Appendix A.

25  **18.   Trial**
26     The parties have requested a trial by jury.  The parties expect that the trial will require
27 approximately five (5) full court days.
28

### 19. Disclosure of Non-Party Interested Entities or Persons

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15.

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, Plaintiff Fluidigm Corporation states, by and through its undersigned counsel, that Fluidigm Corporation is a publicly traded company, and that no parent corporation or publicly held corporation owns 10% or more of Fluidigm's stock.

Pursuant to Civ. L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities, other than the parties themselves, are known by Fluidigm Corporation (i) to have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) to have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Civil Local Rule 3-15, Defendant bioMérieux SA hereby certifies the following: (1) the parent corporation of bioMérieux SA is Institut Mérieux and (2) no publicly-held corporation, directly or indirectly, owns 10% or more of the stock of bioMérieux SA.

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non- financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: BioFire Diagnostics, LLC, bioMérieux, Inc., and BioFire Defense, LLC.

### 20. Professional Conduct

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

Pursuant to Patent L.R. 2-1(b), the parties have also met and conferred regarding the following matters:

    **(a) Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

To the extent the parties have proposed any modification to the obligations or deadlines, these issues have been raised above or in Appendix A.

    **(b) The scope and timing of any claim construction discovery and damages discovery**

The parties' proposed scheduling (Appendix A) addresses the timing of fact discovery, including damages discovery, as well as the timing of Claim Construction and damages-related disclosures and discovery required under the Patent Local Rules.

    **(c) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues. The parties anticipate potentially submitting expert declarations to the Court, and the parties agree that either party may seek to present live testimony at the Claim Construction Hearing. The parties have agreed that if either party intends to introduce live expert testimony at the Claim Construction Hearing, they will provide notice to the other party 21 days before the Claim Construction Hearing. If one party provides notice of live expert testimony, the other party will also be entitled to present expert testimony. The parties anticipate requesting approximately three (3) to four (4) hours for the Claim Construction hearing, with potentially more or fewer hours depending on the number of claim terms involved, with each side entitled to half of the total time permitted.

    **(d) How the parties intend to educate the Court on the technology at issue**

The parties propose providing the Court with a tutorial regarding the technology at issue at the beginning of the Claim Construction Hearing. The parties anticipate requesting an additional two (2) hours for the tutorial, with each side entitled to one (1) hour.

**(e) A non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation**

Fluidigm is unable to provide an estimate of the damages range at this time. Fluidigm will need discovery into the sales of bioMérieux SA, and other related documents, before Fluidigm is able to provide the estimate. Fluidigm anticipates that it will be able to provide the estimate when its Damages Contentions are due pursuant to Patent L.R. 3-8. Fluidigm believes that it is the only party entitled to damages and fees in this case, and that bioMérieux SA's allegations that it is entitled to an award of attorneys' fees, expenses, or costs are baseless.

bioMérieux SA alleges that Fluidigm has no basis to assert that bioMérieux SA, the French parent of the corporate entity that is responsible for the acts accused of infringement, has any liability, and Fluidigm's pursuit of this meritless case should be found exceptional. bioMérieux SA has not yet answered the Complaint but expects that it will at least seek an award of attorneys' fees, expenses, and costs associated with the present action under 35 U.S.C. § 285. Such fees, costs, and expenses cannot be computed at the present time because they will accumulate over the course of the litigation.

| | |
|---|---|
| Dated: October 30, 2019 | WILSON SONSINI GOODRICH & ROSATI P.C. |

By: */s/ Joshua Mack*
    Douglas H. Carsten (dcarsten@wsgr.com)
    Joshua Mack (jmack@wsgr.com)
    Arthur P. Dykhuis (adykhuis@wsgr.com)
    12235 El Camino Real
    San Diego, California 92130
    Telephone: (858) 350-2300

*Attorneys for Plaintiff*
*FLUIDIGM CORPORATION*

KIRKLAND & ELLIS LLP

By: */s/ Caroline S. Lourgos*
    Andrew Ohlert
    (Andrew.ohlert@kirkland.com)
    555 California Street, 27th Floor
    San Francisco, CA 94104
    Telephone: (415) 439-4782

    Marcus E. Sernel P.C. (msernel@kirkland.com)
    Caroline S. Lourgos
    (caroline.lourgos@kirkland.com)
    300 North LaSalle
    Chicago, IL 60654
    Telephone: (312) 862-2389

*Attorneys for Defendant bioMérieux S.A.*

**Appendix A**

| Event | Plaintiff's Proposed Dates / Deadlines | Defendant's Proposed Dates/Deadlines **Assumes case not dismissed on 12/5/19 |
|---|---|---|
| Initial Case Management Conference | 11/6/2019 | 11/6/2019 |
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | 11/20/2019 | 14 days after Case Management Conference |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | 1/6/2020 | 45 days after Disclosure of Asserted Claims |
| Exchange of Proposed Terms for Construction | 1/20/2020 | 21 days after Invalidity Contentions |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | 2/10/2020 | 30 days after Exchange of claim terms for construction |
| Preliminary Damages Contentions | 2/25/2020 | 50 days after Invalidity Contentions |
| Joint Claim Construction and Prehearing Statement | 3/6/2020 | 75 days after Invalidity Contentions |
| Responsive Damages Contentions | 3/26/2020 | 30 days after Preliminary Damages Contentions |
| Completion of Claim Construction Discovery | 4/6/2020 | 30 days after Joint Claim Construction and Prehearing Statement |
| Claim Construction Briefs – Opening Brief | 4/20/2020 | 45 days after Joint Claim Construction and Prehearing Statement |
| Claim Construction Briefs – Responsive Brief | 5/4/2020 | 14 days after opening brief |
| Claim Construction Briefs – Reply Brief | 5/11/2020 | 7 days after service of responsive brief |
| Claim Construction Hearing and Technical Tutorial | May 2020 (subject to the Court's calendar) | 30 days after service of responsive brief, or at the Court's convenience |
| Deadline to Disclose Reliance on Advice of Counsel and Production of Opinion | 30 days after Claim Construction Order issues | 30 days after Claim Construction Order issues |
| Deadline to file amended pleadings or add parties | 30 days after Claim Construction Order issues | 30 days after Claim Construction Order issues |

| | | |
|---|---|---|
| Close of Fact Discovery | 7/31/2020 | 90 days after Claim Construction Order issues |
| Opening Expert Reports; accompanying document production | 9/11/2020 | 45 days after close of fact discovery |
| Rebuttal Expert Reports; accompanying document production | 11/6/2020 | 30 days after initial expert reports |
| Reply Expert Reports; accompanying document production | 12/18/2020 | 21 days after rebuttal expert reports |
| Close of Expert Discovery | 1/29/2021 | 21 days after reply expert reports |
| Last Day to file *Daubert* motions | 3/1/2021 | 30 days after close of expert discovery |
| Last day to file dispositive motions | 3/1/2021 | 30 days after close of expert discovery |
| Pretrial Conference | April 2021 (subject to the Court's calendar) | To be determined by Court |
| Trial | May 2021 (subject to the Court's calendar | To be determined by Court |