UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIOMERIEUX, SA,<br><br>　　　　Defendant. | Case No. 19-CV-02716-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 21 |

bioMérieux SA ("Defendant") moves to dismiss Fluidigm's ("Plaintiff") complaint for patent infringement of U.S. Patent No. 10,131,934 (the "'934 Patent"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's motion to dismiss with leave to amend.

**I.　　BACKGROUND**

　**A. Factual Background**

Plaintiff, a Delaware corporation with its principal place of business in San Francisco, California, owns the '934 Patent, issued on November 20, 2018. ECF No. 1 ¶¶ 2, 12 ("Compl."). The inventions claimed in the '934 Patent broadly "pertain to methods for carrying out nucleic

amplification reactions and detecting polynucleotide sequences." *Id.* ¶ 15. Plaintiff contends that Defendant "markets, makes, uses, sells, offers to sell, and induces and contributes to the use of the Infringing Instrumentalities." *Id.* ¶ 16. The "Infringing Instrumentalities" relate to BioFire FilmArray system. *Id.* ¶¶ 16-18. Plaintiff alleges that Defendant made the BioFire FilmArray system available in the United States, and that Defendant reported financial results that incorporated revenues related to "FilmArray sales." ECF No. 1-2; ECF No. 1-3 ("For the year, the firm's FilmArray sales contributed €483 million in revenues, and the Americas region contributed revenues of €1.1 billion, up 6 percent from €1.0 million in 2017."). Finally, Plaintiff alleges that Defendant participated in the Southern California American Society for Microbiology Annual Meeting in 2016, ECF No. 1-5, and that Defendant "directs its activities toward residents of [California], by partnering with and even acquiring companies [here]," Compl. ¶ 9.

Defendant bioMérieux SA is a foreign corporation, formed under the laws of France, with headquarters at F-69280 Marcy l'Etoile, France. *Id.* ¶ 3; ECF No. 21-1 ¶ 4 ("Aelbrecht Decl."). Defendant submitted a declaration from Nadia Aelbrecht, bioMérieux SA's FilmArray Business Director for Europe, the Middle East and Africa. Aelbrecht Decl. ¶ 1. Aelbrecht stated that Defendant does not have a physical corporate presence in the United States, and Defendant does not make, use, offer to sell, or sell within the United States, or import into the United States, the BioFire FilmArray system. *Id.* ¶¶ 5, 9-10. Indeed, in the United States, Defendant has no customers for the FilmArray system or any associated products. *Id.* ¶ 10.

Instead, BioFire Diagnostics, LLC ("BioFire"), designed, developed, manufactures, and sells the FilmArray system and associated products in the United States. *Id.* ¶¶ 11, 13. BioFire is a wholly owned subsidiary of Defendant with headquarters in Salt Lake City, Utah, and is a separate legal entity from Defendant, with its own separate management, board of directors, and accounting system. *Id.* ¶¶ 6-8. Plaintiff's own exhibit, a FilmArray instruction booklet, directs U.S. customers to contact BioFire for customer and technical support, whereas customers outside the United States are to contact a "local bioMérieux sales representative or an authorized

2

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

1   distributor for technical support." ECF No. 1-11 at 3.

## B. Procedural History

On May 17, 2019, Plaintiff filed a complaint against Defendant that alleged Defendant directly infringed the '934 Patent and was liable for induced and contributory infringement. Compl. ¶¶ 29-32. On August 15, 2019, Defendant filed a motion to dismiss along with a supporting affidavit. ECF No. 21 ("Mot."); ECF No. 21-1 ("Aelbrecht Decl."). On September 20, 2019, Plaintiff filed an opposition, but did not file any supporting affidavits. ECF No. 28 ("Opp."). On October 7, 2019, Defendant filed a reply. ECF No. 29 ("Reply").

## II. LEGAL STANDARD

In the instant motion, Defendant raises three arguments for dismissing Plaintiff's Complaint: (1) lack of personal jurisdiction, under Rule 12(b)(2); (2) improper venue, under Rule 12(b)(3); and (3) failure to state a claim, under Rule 12(b)(6). Because the Court resolves the instant motion by addressing only personal jurisdiction, the Court confines its review of the applicable legal standards to those under Rule 12(b)(2).

### A. Motion to Dismiss under Rule 12(b)(2)

In a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Courts may consider declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues."). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation marks omitted). At this stage of the proceeding, "uncontroverted allegations in plaintiff's complaint must be taken as true, and

3

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

1 conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks, citations, and alterations omitted). Courts, however, "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. Plaintiffs responds that if personal jurisdiction is lacking in this District, Federal Rule of Civil Procedure 4(k)(2) provides an alternative basis for asserting personal jurisdiction over Defendant. As explained below, the Court concludes that personal jurisdiction is absent, and consequently, the Court does not reach Defendant's arguments concerning improper venue and failure to state a claim.

### A. Personal Jurisdiction

Because the jurisdictional issue is "intimately involved with the substance of the patent laws," Federal Circuit law governs. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (quotation marks omitted).

To determine the propriety of asserting personal jurisdiction over a defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and comports with the demands of federal due process. *Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1230 (Fed. Cir. 2010). California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process coalesce into a single inquiry. *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Nuance,* 626 F.3d at 1230 ("Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal law are the same."). "The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Nuance*, 626 F.3d at 1230-31 (quotation marks omitted).

Courts "recognize[] two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). "To be subject to general jurisdiction, a defendant business entity must maintain 'continuous and systematic general business contacts' with the forum, even when the cause of action has no relation to those contacts." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (citation omitted). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State," "[b]ut only a limited set of affiliations with a forum will render a defendant amenable to general

jurisdiction in that State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780. Plaintiff does not allege that general jurisdiction is proper here.

Rather, Plaintiff contends that the Court has specific jurisdiction over Defendant. Opp. at 6. Specific jurisdiction is proper when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Whether a court has specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation," and "the defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781; *see Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over claims *unrelated to those sales*." (emphasis added)).

### 1. Specific Jurisdiction

For specific jurisdiction, the Federal Circuit has adopted a three-prong test analyzing "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (internal alterations omitted). In regards to the first factor, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "As to the second factor, also part of the minimum contacts analysis, the court must determine whether the suit arises out of or relates to the defendant's contacts with the

6

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

forum." *Id.* (quotation marks and internal alterations omitted).

Plaintiff argues that it satisfies the first two "minimum contacts" factors, and that the "fair play and substantial justice" prong does not prohibit the exercise of personal jurisdiction. Specifically, Plaintiff contends that Defendant "placed the infringing products into the stream of commerce with the expectation that they would be purchased by customers in this District," "[took] credit for sales in the District," offered to sell the infringing products at trade shows in California, and "partner[ed] with and enter[ed] into agreements with companies in this District." Mot. at 6-7; Compl. ¶ 8.

Plaintiff's allegations fail because they are controverted by the Aelbrecht Declaration. Contrary to Plaintiff's position, courts can consider "affidavits and other written materials" when answering "the personal jurisdiction question." *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Unocal*, 248 F.3d at 922 ("The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues."). While "a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true" and resolve conflicts between dueling affidavits "in plaintiff's favor," *Autogenomics*, 566 F.3d at 1017, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Mavrix Photo*, 647 F.3d at 1223.

Here, the Aelbrecht Declaration states that Defendant "does not make, use, offer to sell, or sell within the United States, or import [the infringing products] into the United States." Aelbrecht Decl. ¶ 9. Rather, "BioFire Diagnostics, LLC designed, developed[,] and manufactures the FilmArray[] System and associated products," and is the "manufacturer and seller" of the infringing products in the United States. *Id.* ¶¶ 11, 13. The Aelbrecht Declaration further notes that Defendant "has no customers for the FilmArray[] System or any associated FilmArray[] products in the United States." *Id.* ¶ 10. Indeed, Plaintiff's own exhibit to the Complaint acknowledges that BioFire Diagnostics, LLC is responsible for customer and technical support in the United States, whereas Defendant is responsible for any issues related to the FilmArray

7

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

1  product overseas. ECF No. 1-11 at 3. Plaintiff cannot impute BioFire Diagnostics, LLC's

2  contacts to Defendant, as "[i]t is well-established that a parent-subsidiary relationship alone is

3  insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes."

4  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).

Furthermore, although Plaintiff's Complaint alleged that Defendant was a platinum sponsor of the Southern California American Society for Microbiology Annual Meeting in 2016, Compl. ¶ 8; ECF No. 1-5, Plaintiff's opposition also alleges that Defendant "demonstrated its infringing products" at this meeting, Opp. at 5. This allegation regarding the demonstration of the infringing products is not in the Complaint. *See* Compl. ¶ 8. Moreover, Plaintiff's exhibit, ECF No. 1-5, does not show that Defendant demonstrated its infringing products at the meeting. In addition, as noted above, the Aelbrecht Declaration claims that Defendant "does not make, use, offer to sell, or sell within the United States, or import into the United States" the infringing products. Aelbrecht Decl. ¶ 9.

Finally, the allegations that are not in conflict with the Aelbrecht Declaration are still insufficient to establish specific jurisdiction. In particular, Plaintiff alleges that Defendant "partner[ed] with and enter[ed] into agreements with companies in this District." Mot. at 6; Compl. ¶ 9 ("Defendant further regularly directs its activities toward residents of this Forum, such as partnering with and even acquiring companies in this Forum."); ECF No. 1-6. It is unclear, however, from the Complaint or the attached exhibit, whether these "agreements with companies in this District" have anything to do with the infringing products. Moreover, Plaintiff's allegation that Defendant was a platinum sponsor of the Southern California American Society for Microbiology Annual Meeting in 2016 also does not indicate whether the meeting had anything to do with the infringing products. Failure to tie the agreements and the platinum sponsorship to the infringing products is fatal because in order for the Court to find that Defendant has sufficient minimum contacts for personal jurisdiction, "the suit [must] aris[e] out of or relat[e] to" those contacts. *Xilinx*, 848 F.3d at 1353; *Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring

8

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

sales of a product in a State do not justify the exercise of jurisdiction over claims *unrelated to those sales*." (emphasis added)).

Plaintiff nonetheless persists, and relies on two cases, *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009), and *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016), to contend that personal jurisdiction is altogether proper. *Synthes* and *Polar Electro*, however, do not alter the Court's conclusion.

In *Synthes*, the Federal Circuit held that a California district court had personal jurisdiction over a Brazilian company in a patent infringement suit when that Brazilian company imported the infringing products into the United States, displayed them at trade shows, and attempted to generate interest in those products among attendees of the trade show. 563 F.3d at 1298. Though the Brazilian company expressly discouraged United States residents from purchasing its products, the Federal Circuit concluded that (1) the company's importation of the infringing product into the United States, and (2) the company's travel to the United States for the purpose of displaying infringing products at trade shows in the United States and attended by United States residents was sufficient to show purposeful direction. *Id.* The present case is distinguishable. Here, Defendant claims that it "does not make, use, offer to sell, or sell within the United States, or import into the United States" the infringing products. Aelbrecht Decl.¶ 9.

*Polar Electro* is also inapposite. In *Polar Electro*, the Federal Circuit found that personal jurisdiction was proper over a Suunto, a Finnish company that supplied its products from Finland and provided "outbound logistics services," even though Suunto's sister company was the one that distributed Suunto's products in the United States. 829 F.3d at 1346. The Federal Circuit noted that "Suunto purposefully shipped at least ninety-four accused products to Delaware retailers, fully expecting that its products would then be sold in Delaware as a result of its activities." *Id.* 1350. Not only that, but Suunto conceded that it "physically fulfilled the orders, packaged the products, and prepared the shipments in Finland" to be sent to Delaware. *Id.* at 1351. "Through its own conduct, Suunto purposefully availed itself of the Delaware market." *Id.*

9

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

No analogous facts are present in the instant case. There is no evidence that California residents purchased the infringing products from Defendant, as opposed to BioFire Diagnostics, LLC. Likewise, there are no allegations or evidence that Defendant shipped its products to California, physically fulfilled orders to California, packaged the products, or prepared shipments for California. *See Polar Electro*, 829 F.3d at 1346. Again, the Aelbrecht Declaration explains that Defendant "does not make, use, offer to sell, or sell within the United States, or import into the United States" the infringing products, Aelbrecht Decl. ¶ 9, and Plaintiff's exhibits acknowledge that BioFire Diagnostics, LLC is responsible for customer and technical support in the United States, whereas Defendant is responsible for any issues related to the FilmArray product overseas, ECF No. 1-11 at 3. Accordingly, *Polar Electro* is also distinguishable from the instant case.

Instead, the instant case is most analogous to *Colida v. LG Elecs., Inc.*, 77 Fed. App'x 523, 524 (Fed. Cir. 2003), where the Federal Circuit affirmed the dismissal of patent infringement claims against a foreign parent company on the grounds that personal jurisdiction was lacking. Based in part on an affidavit from the foreign parent company, the Federal Circuit held that even though the foreign company had a subsidiary in New Jersey, personal jurisdiction was improper where the foreign company did not conduct business in New Jersey, did not solicit customers in New Jersey, did not maintain offices in New Jersey, and did not have employees in New Jersey. *Id.* at 526. Those same facts are true here, and as a result, the same conclusion follows.

Therefore, Defendant has not "'purposefully directed' its activities at residents of the forum," nor does Plaintiff's "claim 'aris[e] out of or relat[e] to'" Defendant's activities with the forum. *Inamed Corp.*, 249 F.3d at 1360. In other words, the Court lacks personal jurisdiction over Defendant because Defendant does not have any relevant contacts with California.

### 2. Federal Rule of Civil Procedure 4(k)(2)

Nonetheless, Plaintiff contends that even if Defendant lacks relevant contacts with California, Federal Rule of Civil Procedure 4(k)(2) allows the Court to exercise personal

10

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

jurisdiction based on Defendant's "contacts with the entire United States, as opposed to the state in which the district court sits." Mot. at 8-9 (quoting *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009).

Rule 4(k)(2) states, in relevant part: "For a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). The Federal Circuit thus reads Rule 4(k)(2) to require three elements: "the plaintiff's claim must arise under federal law, the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction, and exercise of jurisdiction must comport with due process." *Touchcom*, 574 F.3d at 1412 (citing *Synthes*, 563 F.3d at 1293-94).

Defendant contests only the second element of the Rule 4(k)(2) personal jurisdiction test—namely, that defendant is not subject to jurisdiction in any state's courts of general jurisdiction. Under Federal Circuit precedent, a "federal court is entitled to use Rule 4(k)(2)" "if the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible." *Id.* at 1415 (quotation omitted). Here, however, Defendant explicitly concedes that Defendant is subject to jurisdiction in other states' courts of general jurisdiction.

Specifically, Defendant acknowledges that "it has continuous and systematic contacts with its subsidiaries in" Utah and North Carolina, and that these two States "provid[e] . . . possible [fora] for a case against [Defendant] (if and when [Defendant] might be a proper defendant)." Reply at 8-9. "Naming a more appropriate state [amounts] to a consent to personal jurisdiction there," and therefore, Defendant consents to personal jurisdiction in Utah and North Carolina. *Touchcom*, 574 F.3d at 1414 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)); *Bradford Co. v. Conteyor N. Am., Inc.*, 603 F.3d 1262, 1272 (Fed. Cir. 2010) (holding that conceding personal jurisdiction in another State "in its briefing" amounts to consent to personal jurisdiction in that State); *Bradford*, 603 F.3d at 1272 ("[A] district court [may] use

11

Case No. 19-CV-02716-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

Rule 4(k)(2) whenever a foreign defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible."). Accordingly, because Defendant consents to personal jurisdiction in Utah and North Carolina, Rule 4(k)(2) does not supply a basis for this Court to exercise personal jurisdiction over Defendant.

As a result the Court lacks personal jurisdiction over Defendant and therefore GRANTS Defendant's motion to dismiss on that basis. Nonetheless, because granting Plaintiff an additional opportunity to amend the Complaint would not be futile, cause undue delay, or unduly prejudice Defendant, and Plaintiff has not acted in bad faith, the Court GRANTS Plaintiff leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 3. Jurisdictional Discovery

Ninth Circuit law governs jurisdictional discovery because "discovery[] [is] an issue not unique to patent law." *Autogenomics*, 566 F.3d at 1021 ("We review the district court's denial of discovery, an issue not unique to patent law, for abuse of discretion, applying the law of the regional circuit."). In any event, Federal Circuit case law mirrors Ninth Circuit case law. *Compare Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1283 (Fed. Cir. 2005) ("If the district court concludes that the existing record is insufficient to support personal jurisdiction . . . [jurisdictional] discovery is appropriate where the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." (quotation and citation omitted), *with Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (quotation marks omitted)).

Though Plaintiff did not make a request for jurisdictional discovery, "[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub*, 243 F.3d at 1093. A court can deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Am. W. Airlines, Inc. v. GPA*

12

*Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quotation marks omitted), or where the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "[D]iscovery should ordinarily be granted," however, "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub*, 342 F.3d at 1093 (quotation marks omitted). Because some pertinent facts bearing on the question of jurisdiction are controverted and discovery could demonstrate facts sufficient to confer jurisdiction, the Court therefore permits jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction with leave to amend and GRANTS jurisdictional discovery. Plaintiff shall file any amended complaint within 60 days of this Order. Failure to file an amended complaint within 60 days or failure to cure the deficiencies identified herein or in Defendant's motion to dismiss will result in dismissal of Plaintiff's claims against Defendant with prejudice. Plaintiff may not add new causes of action or parties without a stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: December 5, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge